IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN DAVID WILKE,

                            Petitioner,

      v.

L. C. WARD,

                            Respondent.

OPINION & ORDER

14-cv-574-jdp

---

Pro se prisoner Jonathan Wilke is in the custody of the Bureau of Prisons, at the federal correctional institution in Oxford, Wisconsin. Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, contending that his sentencing judge did not properly apply United States Sentencing Guideline § 5G1.3 to reduce petitioner's federal sentence to make it completely concurrent to his state sentence. I conclude that petitioner cannot proceed with these claims under § 2241, and I will therefore dismiss the petition. Petitioner has also filed a motion for release from custody pending this court's decision on his petition, Dkt. 5, which I will deny as moot.

BACKGROUND

Petitioner was arrested in April 2009 for possessing a firearm, which violated the terms of the extended supervision portion of a state criminal sentence that he was serving at the time. In June 2009, petitioner was indicted in the United States District Court for the Eastern District of Wisconsin on charges of being a felon in possession of a firearm. Petitioner pleaded guilty to the federal charges, and the federal court sentenced him to 78 months of imprisonment. The court ordered that petitioner's federal sentence would run

concurrent to the six-year sentence that he received after the state court revoked his extended supervision.

The state court later reduced petitioner's revocation sentence to five years. It is not clear from the petition whether this reduction occurred before or after petitioner received his federal sentence. But publically available information about petitioner's state court proceedings indicates that the reduction occurred in October 2010, about a month after petitioner's federal sentencing hearing. Petitioner now seeks a corresponding reduction in his federal sentence to make it "fully concurrent" to his state sentence. Dkt. 1, at 4.

In March 2011, petitioner sought a writ of habeas corpus from the Eastern District of Wisconsin, pursuant to § 2241. The federal court determined that petitioner was raising issues substantively within 28 U.S.C. § 2255, and so with petitioner's consent, the court converted his filing to a petition under that statute. In his converted § 2255 petition, petitioner asserted that: (1) a sentence that included both imprisonment and supervised release amounted to double jeopardy; and (2) the federal sentencing court had incorrectly calculated petitioner's base offense level and criminal history points. The Eastern District of Wisconsin denied petitioner's request for a writ of habeas corpus and dismissed the petition. Petitioner now seeks a writ of habeas corpus from this court, pursuant to § 2241.

ANALYSIS

The dispositive issue in this case is whether petitioner can proceed under § 2241. I conclude that he cannot. Petitioner could have raised the issue of his reduced state sentence in his § 2255 petition to the Eastern District of Wisconsin, but he failed to do so. Thus, petitioner cannot now use § 2241 to challenge his federal sentence on these grounds.

To collaterally attack a sentence, federal prisoners must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). Stated differently, "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Petitioner contends that his federal sentencing judge did not consider reducing his sentence under USSG § 5G1.3. This guideline applies to defendants who are already serving, or will soon begin serving, sentences for related conduct. In this case, petitioner identifies two specific reductions to which he feels that he is entitled under USSG § 5G1.3. First, petitioner had already been arrested by state authorities for violating a condition of his extended supervision when he was indicted in federal court. At the time of petitioner's federal sentencing, he had been in custody for over three months. Petitioner argues that the Bureau of Prisons will not credit this time toward his federal sentence because he was in state custody, and so the sentencing judge should have reduced the length of petitioner's sentence accordingly. For his second challenge, petitioner argues that the sentencing judge should have reduced the federal sentence after the state court reduced petitioner's revocation sentence to

make the two "fully concurrent." Dkt. 2, at 4. According to petitioner, these two reductions would shorten his federal sentence by 14 months.

I will assume that petitioner can use § 2241 to challenge how the federal sentencing judge applied USSG § 5G1.3—although this is a questionable assumption. *See McCall v. United States*, 304 F. App'x 449, 450 (7th Cir. 2008) ("On appeal McCall renews his § 2241 argument that the sentencing court misapplied U.S.S.G. § 5G1.3 at the time of sentencing. His argument challenges the imposition of his sentence, which is a contention ordinarily raised only under § 2255."); *Gravitt v. Veach*, 229 F. App'x 417, 418 (7th Cir. 2007) ("Gravitt's contention that the district court misapplied § 5G1.3 attacks the imposition, not the execution, of his federal sentence, and ordinarily only challenges to the execution of a sentence are properly brought under § 2241."). But even if petitioner can present these claims under § 2241, I cannot address their merits because petitioner's remedies under § 2255 were not inadequate or ineffective.

The state court reduced petitioner's revocation sentence in October 2010. The legal and factual bases for petitioner's challenge were therefore available to him in March 2011, when he filed his § 2255 petition in the Eastern District of Wisconsin. Yet petitioner did not present this challenge at that time. "[F]ailure to raise a claim the first time around does not render § 2255 'inadequate.'" *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Contrary to petitioner's contention, Dkt. 2, at 2, the fact that he has already used his one collateral attack and cannot file a second petition under § 2255 does not render the remedy inadequate. *Unthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008). Because petitioner could have presented the issue of his reduced state sentence in his § 2255 petition but did not do so, he cannot now use § 2241 to litigate the issue.

4

Aside from the procedural bar to petitioner's claims, he faces a foundational obstacle to obtaining relief. Petitioner appears to believe that the federal sentencing judge's decision to order a concurrent sentence meant that the judge was ordering the federal sentence to last exactly as long as the state sentence. Petitioner is incorrect; that is not what "concurrent" means. A concurrent sentence is a sentence that runs at the same time as another sentence, giving a prisoner credit for both sentences at the same time. Petitioner also suggests that the judge ordered his federal sentence to be "fully concurrent" with the state revocation sentence (which might mean that the two sentences would be the same length). But this, too, is incorrect. A review of the sentencing transcripts from that case confirms that the judge ordered only a concurrent sentence and did not use the phrase "fully concurrent." Moreover, the judge indicated that although he was imposing a concurrent sentence, incremental punishment was important. Thus, contrary to petitioner's suggestion, the intent was always for his federal sentence to last longer than his state revocation sentence.

Petitioner cannot proceed with his claims under § 2241 because he cannot demonstrate that his remedies under § 2255 were inadequate or ineffective. And even if petitioner could proceed, his claims rest on a misunderstanding of how the federal sentencing judge structured the federal sentence. I will therefore deny the petition for a writ of habeas corpus and dismiss this case.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by petitioner Jonathan Wilke, Dkt. 1, is DENIED, and this case is DISMISSED.

2. Petitioner's motion for release from custody pending the court's decision on his petition, Dkt. 5, is DENIED.

3. The clerk of court is directed to close this case.

Entered February 5, 2016.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  JAMES D. PETERSON
                                  District Judge